IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 21-cr-00207 |
| v. | Hon. David Cleveland Joseph |
| CRYSTAL MARIE HAWORTH, | |
| Defendant. | |

**DEFENDANT'S UNOPPOSED MOTION TO CONTINUE TRIAL**

Defendant Crystal Marie Haworth, by her counsel, moves to continue all trial dates in this matter, including the deadline to file pretrial motions, for 60 days. Currently, pretrial motions are due on September 14, 2022, and trial is scheduled for November 14, 2022. (Dkt. #39)

Ms. Haworth was originally charged in the District Court of the 18th Judicial District of the State of Oklahoma with murder in the first degree. On May 7, 2021, that court dismissed the charge finding that pursuant to *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), it did not have jurisdiction over the matter.

On May 13, 2021, a grand jury in the Eastern District of Oklahoma issued a one-count indictment after finding probable cause to believe that, on July 15, 2020, Ms. Haworth murdered Leonard Brokeshoulder with pre-mediation and malice aforethought. (R. 6, Indictment) On May 14, 2021, undersigned counsel was

1

appointed at Ms. Haworth's initial appearance, and she entered a not guilty plea. (Dkt. #11, 13) The government produced discovery that same day. The parties have been discussing a possible resolution in good faith.

Ms. Haworth's psychiatric evaluation is the most significant reason for the requested adjournment. On April 14, 2022, after extensive investigation, counsel provided notice of insanity defense. (Dkt. #43) The government filed a Motion for Psychiatric Exam (Dkt. #44), which this Court granted. (Dkt. #45) Ms. Haworth was subsequently taken to the Carswell Federal Medical Center in Forth Worth, Texas, for an evaluation. Defense and government counsel provided staff with all requested documents and information.

On May 18, 2022, this Court granted a 30-day extension for evaluation until July 16, 2022. The written report was due to the Court six weeks later, on August 26, 2022. On June 6, 2022, the parties filed a joint motion to continue all hearings (Dkt. 47), and this Court issued an Amended Scheduling Order. (Dkt. #48) Currently, motions are due on September 14, 2022. On August 25, 2022, this Court extended the deadline to provide the report to the Court until September 16, 2022.

In light of these developments, the parties will not be able to evaluate the report, which will have a significant impact on how the case will proceed. Defense counsel will need time to review the report with Ms. Haworth, and the parties will need to discuss whether the case will proceed to trial.

In addition, undersigned defense counsel has accepted a position as an Assistant Federal Public Defender at the Federal Public Defender for the Western District of Washington. She will continue to represent Ms. Haworth, but she is relocating from Michigan to Washington, and will be unavailable from September 10, 2022 until September 26, 2022, and will therefore not be able to review the report or advise Ms. Haworth during that period of time. Michael Carter, the Executive Director of the Federal Community Defender for the Eastern District of Michigan, will also continue to represent Ms. Haworth and can be available during that period of time in the event of an emergency. Nonetheless, undersigned counsel is most familiar with the facts and issues in the case and is in the best position to evaluate the report and discuss it with Ms. Haworth.

Counsel has advised Ms. Haworth of her right to a speedy trial under the Speedy Trial Act. She wants counsel to have adequate time fully to receive and review the report and provide advice about how to proceed. Ms. Haworth is therefore waiving her right to a speedy trial under the Speedy Trial Act.

In light of the foregoing, proceeding with the current motions deadline and trial date as scheduled would prejudice Ms. Haworth. The Government has no objection to continuing the schedule.

## CONCLUSION

Ms. Haworth requests that the Court find that the requested continuance is in her best interest and outweighs her interest and the public's interest in a speedy trial.

*See* 18 U.S.C. § 3161(h)(7)(A). A continuance is also necessary for the effective preparation of defense counsel, and to allow the parties to explore a negotiated resolution, which would conserve judicial resources. *See* 18 U.S.C. §§ 3161(h)(7)(B)(ii) & (iv). The Court should find excludable delay and adjust all deadlines as proposed or as the Court otherwise deems appropriate.

Date: September 2, 2022                     Respectfully submitted,

                                                          **FEDERAL COMMUNITY DEFENDER**

                                                          /s/Colleen P. Fitzharris
Counsel for Crystal Marie Haworth
613 Abbott Street, Suite 500
Detroit, Michigan 48226
(313) 967-5866
colleen_fitzharris@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification to opposing counsel.

Respectfully Submitted,

**FEDERAL COMMUNITY DEFENDER**

s/ Colleen P. Fitzharris
Attorney for Crystal Marie Haworth
613 Abbott Street, Suite 500
Detroit, Michigan 48226
313-967-5866
E-mail: colleen_fitzharris@fd.org