

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | |
|---|---|
| *Plaintiff,* | |
| v. | Case No. CR-21-207-DCJ |
| CRYSTAL MARIE HAWORTH, | |
| *Defendant.* | |

## PLEA AGREEMENT

### PARTIES

This plea agreement is entered into by and between the United States, by and through the United States Attorney for the Eastern District of Oklahoma and the above-captioned defendant pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.

## I. THE PLEA

### DEFENDANT'S PLEA

The defendant agrees to voluntarily plead guilty to and admits to being guilty of the following charges in the Eastern District of Oklahoma:

| Count | Offense | Statute |
|---|---|---|
| 1 | Second Degree Murder in Indian Country | 18 U.S.C. §§ 1111 and 1153 |

as set forth in the Information *to be filed by the United States and for which the defendant waives indictment by a Grand Jury*. At the time the guilty plea is entered, the defendant shall admit to the Court that the defendant is, in fact, guilty of the offense(s) charged in the Information.

Defendant Initials CH       Page **1** of **15**

## MAXIMUM POSSIBLE IMPRISONMENT AND/OR FINE

The defendant understands that the *maximum* possible penalty for Second Degree Murder is imprisonment for a period of any term of years up to life in prison and/or a fine of $250,000.00, a term of supervised release to be determined by the Court, and a special assessment in the amount of $100.00. The defendant understands that the Court may impose a fine pursuant to the Sentencing Reform Act of 1984. The willful failure to pay any fine imposed by the Court, in full, may be considered a breach of this plea agreement. Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, Section 3611, et seq.

## DISMISSAL

At the time of sentencing on the count(s) set forth above, the United States agrees to move for dismissal of the Indictment.

## FACTUAL BASIS FOR PLEA

The defendant agrees that if this matter were to proceed to trial, the United States could prove the following facts beyond a reasonable doubt, and that these facts accurately represent the defendant's provable offense conduct and specific offense characteristics:

On or about July 15, 2020, McAlester Police Department officers reported that the defendant, Crystal Marie Haworth, had driven to Pittsburg County Sheriff's Office, walked into the adjoining jail, and told Pittsburgh County jailers that there was an injured male at a specific address on West Polk Avenue, in McAlester, Oklahoma. The defendant was covered in blood and wore only a top. Officers responded to the West Polk Avenue address where they discovered the victim, L.B., lying on the floor covered in blood. Emergency medical personnel responded to the scene and pronounced the victim deceased. Responding officers reported that the victim suffered multiple stab wounds to the torso and face, along with a cut to the neck that nearly decapitated

him. Dr. Jeremy Shelton, the medical examiner, conducted an autopsy on the victim and determined that the cause of death was multiple sharp force injuries.

McAlester Police Department officers interviewed the defendant at the Pittsburgh County jail. The defendant was read her *Miranda* rights and agreed to waive her rights and speak to officers. During the conversation, the defendant admitted to grabbing a knife and cutting the victim's throat. She also admitted to stabbing the victim multiple times with different knives. The defendant further advised that she and the victim were engaged to be married and that they lived together at the West Polk Avenue address. The defendant stated, "He'd buy me rings and stuff because I honestly I was going to kill him if we did get married, kill him and take all his stuff because—well, because he was so abusive and stuff." The defendant and the victim were not married, and there is no indication that she actually took any of his property.

The defendant is an Indian, and the killing occurred in Indian Country.

The defendant understands that defendant will have to swear under oath to the accuracy of this statement, and if defendant should be called upon to testify about this matter in the future, any inconsistencies in such testimony may subject defendant to additional penalties of perjury which may be enforced by the United States under this agreement.

## II. LIMITATIONS OF THE AGREEMENT

### NO OTHER CHARGES (TAX CHARGES EXCLUDED)

The United States Attorney's Office for the Eastern District of Oklahoma agrees that it will not bring any other criminal charges against the defendant which are known to the United States Attorney's Office for the Eastern District of Oklahoma as of the date of this agreement. However, nothing in this agreement will limit prosecution for criminal tax charges, if any, arising out of such offense(s).

Defendant Initials CH         Page **3 of 15**

### COURT, IRS & OTHERS NOT BOUND

The defendant understands that the Court is not a party to this agreement. Should the Court choose to reject this agreement, the defendant understands the Court is not bound by this agreement nor any recommendations contained herein. Nothing in this agreement shall limit the Internal Revenue Service in its collection of any taxes, interest or penalties due from the defendant arising out of or related in any way to the offenses identified in this agreement. Nothing in this agreement shall bind any other federal, state or local district, jurisdiction or law enforcement agency. If the Court rejects this agreement, the United States is not bound to proceed on Second Degree Murder and may proceed to trial on the original Indictment.

## III. WAIVERS

### SPEEDY TRIAL ACT WAIVER

The defendant waives and agrees to waive any rights under the Speedy Trial Act.

### WAIVER OF CIVIL CLAIMS AND HYDE ACT CLAIMS

The defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to the defendant.

### FREEDOM OF INFORMATION ACT (FOIA) WAIVER

The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, but not limited to, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, with the exception of the defendant's own medical records from the Bureau of Prisons.

## WAIVER OF APPELLATE AND POST-CONVICTION RIGHTS

In consideration of the promises and concessions made by the United States in this Plea Agreement, the defendant knowingly and voluntarily agrees and understands the following appellate and post-conviction terms of this agreement:

a. the defendant waives the right to directly appeal the conviction and sentence pursuant to 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a);

b. the defendant reserves the right to appeal from a sentence which exceeds the statutory maximum;

c. the defendant expressly acknowledges and agrees that the United States reserves all rights to appeal the defendant's sentence as set forth in 18 U.S.C. § 3742(b), and *U.S. v. Booker*, 125 S.Ct. 738 (2005);

d. the defendant waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims based on ineffective assistance of counsel;

e. the defendant waives the right to have the sentence modified pursuant to 18 U.S.C. § 3582(c), except for a rule 35(b) motion filed by the government or a motion for compassionate release under 3582(c)(1)(A), limited to the grounds set forth in U.S.S.G §1B1.13 until such provision is modified by the Sentencing Commission, filed by the defendant;

f. the defendant waives the right to appeal the District Court's determination of the amount of restitution and the Court's subsequent restitution order, if any; and

g. the defendant waives the right to appeal the District Court's determination of any forfeiture issues and the Court's subsequent forfeiture order, if any.

## WAIVER OF ADEPARTURE@ AND AVARIANCE@ RIGHTS

In consideration of the promises and concessions made by the United States in this Plea Agreement, the defendant knowingly and voluntarily agrees and understands the following waiver of rights:

a. the defendant waives the right to request, recommend, or file a Adeparture@ motion with the U.S. Probation Office or Court recommending a sentence below the Guidelines range through application of Chapters Four or Five of the Sentencing Guidelines; and

Defendant Initials CH              Page 5 of 15

    b.  the defendant waives the right to request, recommend, or file a Avariance@ motion with the U.S. Probation Office or Court requesting a sentence below the Guidelines range through the application of 18 U.S.C. § 3553(a).

The defendant has been represented by counsel and is fully satisfied with the services rendered by the defense attorney(s) and agrees that such representation has been competent legal representation and has provided the best result for the defendant possible under the circumstances of this case. The defendant expressly acknowledges that counsel has explained defendant's trial, sentencing, appellate and post-conviction rights; that defendant understands these rights; and that defendant knowingly and voluntarily waives and relinquishes those rights as set forth above.

*Crystal Haworth*
Crystal Marie Haworth

*2-28-23*
Date Signed

## IV. WITHDRAWAL OF PLEA OR BREACH OF AGREEMENT

### WITHDRAWAL OF PLEA

The United States and the defendant acknowledge and understand, if the Court does not accept this plea agreement, the Court, pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure, will give the defendant an opportunity to withdraw the guilty plea and restore defendant's trial rights. The defendant further understands, if the defendant's trial rights are restored and the defendant is subsequently convicted, the defendant may receive a higher sentence than previously contemplated by this plea agreement.

### BREACH OF AGREEMENT

In the event the United States believes the defendant has failed to fulfill any obligations under this agreement, committed any local, state, tribal or federal offense after execution of this agreement or has falsely implicated an innocent person in the commission of a crime, the United States shall, in its discretion, have the options of declaring any provision of this agreement null

Defendant Initials _CH_      Page **6** of **15**

and void. The defendant and the United States agree that in the event the Court concludes that the defendant has breached this agreement:

    a.    the defendant will not be permitted to withdraw any guilty plea(s) tendered under this agreement and agrees not to petition for withdrawal of any guilty plea(s);

    b.    the United States will be free to make any recommendations to the Court regarding sentencing in this case;

    c.    any evidence or statements made by the defendant during any cooperation phase will be admissible at any trials or sentencings; and

    d.    the United States will be free to bring any other charges it has against the defendant.

### RE-INSTITUTION OF PROSECUTION

If defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time, the United States will be free to prosecute the defendant for all charges of which it then has knowledge, and any charges that have been dismissed will be automatically reinstated or may be represented to a grand jury with jurisdiction over the matter. In such event, defendant waives any objections, motions or defenses based upon the Statute of Limitations, Speedy Trial Act, or any constitutional restrictions as to the time of bringing such charges.

## V. CRIME VICTIMS' RIGHTS ACT PROVISIONS

### CRIME VICTIMS' RIGHTS ACT (18 U.S.C. § 3771)

Pursuant to the Crime Victims' Rights Act (18 U.S.C. § 3771) and the regulations promulgated under the Act by the Attorney General of the United States, the defendant understands that a crime victim has the following rights:

    a.    The right to be reasonably protected from the accused.

    b.    The right to reasonable, accurate, and timely notice of any public court proceeding, involving the crime or of any release or escape of the accused.

    c.    The right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at the proceeding.

    d.    The right to be reasonably heard at any public proceeding in the district court involving release, plea or sentencing. The defendant understands that

Defendant Initials    Page **7 of 15**

    the victim's comments and recommendations may be different than those of the parties to this agreement.
- e. The reasonable right to confer with the attorney for the Government in the case. The defendant understands that the victim's opinions and recommendations may be different than those presented by the United States.
- f. The right to full and timely restitution as provided by law, including, but not limited to, restitution for property loss, personal injury or death.
- g. The right to proceedings free from unreasonable delay.
- h. The right to be treated with fairness and with respect for the victim's dignity and privacy.

  The definition of "crime victim" under the Crime Victims' Rights is a person directly and proximately harmed as a result of the commission of a Federal offense. In the case of a crime victim who is under 18 years of age, incompetent, incapacitated, or deceased, the legal guardians of the crime victim or the representatives of the crime victim's estate, family members, or any other persons appointed as suitable by the court, may assume the crime victim's rights. In no event, shall the defendant be named as such guardian or representative.

## VI. PRE-SENTENCE REPORT AND SENTENCING PROVISIONS

### INFORMATION TO BE CONSIDERED AT SENTENCING

  The defendant understands that the United States may bring to the Court's attention, and the Court may consider, all relevant information with respect to the defendant's background, character and conduct, including the conduct that is the subject of the charges which the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any. The United States may bring to the Court's attention and the Court may consider any failure by the defendant to fulfill any obligation under this agreement.

### SENTENCING RECOMMENDATION(S)

*Rule 11(c)(1)(C)*

Defendant Initials  *CH*         Page **8** of **15**

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the defendant and the United States agree that a term of imprisonment at the low end of the Sentencing Guidelines is the appropriate disposition of this case. The parties agree that the Sentencing Guidelines used in this calculation should be U.S.S.G. § 2A1.2 (Second Degree Murder).

In reaching this agreement, the parties have considered various factors including, but not limited to, the defendant's acceptance of responsibility; the events and circumstances leading up to the commission of the offence; judicial economy; and the interests of justice. The parties agree the specific sentence or sentencing range is sufficient, but not greater than necessary, to comply with the sentencing factors set forth in 18 U.S.C. §3553(a) for this particular case and this individual defendant.

*Acceptance of Responsibility and Third Point Motion*

Counsel for the defendant has affirmatively indicated that the defendant not only wishes to enter a plea of guilty, but clearly demonstrates a recognition and affirmative acceptance of responsibility as required by the sentencing guidelines. Provided that the defendant clearly demonstrates acceptance of responsibility in a timely manner, the United States agrees to recommend a two-point reduction in the offense level pursuant to U.S.S.G. § 3E1.1. If the defendant can adequately demonstrate this recognition and affirmative acceptance of responsibility to the Court, the United States Attorney's Office will move that the defendant receive a third-point reduction in the defendant's offense level for acceptance of responsibility, if the defendant is eligible for such relief under the United States Sentencing Guidelines. The failure of the Court to find that the defendant is entitled to a reduction for acceptance of responsibility shall not be a basis to void this plea agreement.

## VII. FINANCIAL OBLIGATIONS

<u>FINANCIAL DISCLOSURES</u>

The defendant agrees to disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or third party. The defendant agrees to truthfully complete a Declaration of Defendant Net Worth & Cash Flow Statement no later than the date of the change of plea hearing, signed under penalty of perjury and provide the same to the United States Attorney's Office and the United States Probation Office. The defendant further agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k) within seven days of the event giving rise to the change of circumstances. The parties agree that the defendant's failure to timely and accurately complete and sign the Declaration of Defendant Net Worth & Cash Flow Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute a failure of the defendant to accept responsibility pursuant to U.S.S.G. § 3E1.1.

The defendant expressly authorizes the United States Attorney's Office to obtain a credit report on the defendant. The defendant further agrees to provide waivers, consents or releases requested by the United States Attorney's Office to access records to verify the financial information. The defendant also authorizes the United States Attorney's Office to inspect and copy all financial documents and financial information held by the United State Probation Office.

The defendant agrees to submit to an examination under oath and/or a polygraph examination by an examiner selected by the United States Attorney's Office, on the issue of the defendant's assets and financial disclosures.

The defendant agrees to notify the Asset Recovery Unit (ARU) of the United States Attorney's Office before the defendant transfers any interest in property with a value exceeding

Defendant Initials CH                    Page **10** of **15**

$1000.00 owned directly or indirectly, individually or jointly, by the defendant, including any interest held or owned under any name, including trusts, partnerships or corporations.

## RESTITUTION INVOLVING OFFENSE OF CONVICTION

The defendant agrees to make full restitution in the amount to be determined at or before sentencing, in full accordance with a schedule to be determined by the Court. Even if the defendant does not agree to full restitution, the defendant also understand that restitution for the full loss caused by the defendant's conduct may be imposed by the Court and, if so imposed, shall be a condition of any probation or term of supervised release that the defendant receives.

The defendant understands that if the offense of conviction occurred after April 24, 1996, restitution is mandatory without regard to the defendant's ability to pay.

The defendant understands and agrees that the total amount of any monetary judgment the Court orders the defendant to pay will be due and payable immediately. The defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, the defendant may be resentenced to any sentence which might have originally been imposed if the Court determines the defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, the defendant acknowledges and agrees the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613 and 3664(m), notwithstanding any initial or subsequent modified payment schedule set by the Court. The defendant further understands any monetary debt the defendant owes related to this matter may be included in the Treasury Offset Program (TOP) to potentially offset the defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(F), the defendant agrees that until a fine or restitution order is paid in full, the defendant must notify the United States Attorney's Office (ARU) of any changes in the mailing address or residence address within 30 days of such change. Further, pursuant to 18 U.S.C. § 3664(k), the defendant shall notify the court and the United States Attorney's Office (ARU) immediately any change in economic circumstances that might affect the defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts or any other acquisition of assets or money.

## VIII. OTHER TERMS

### PLACE OF CONFINEMENT

At the time of sentencing, the United States will not object to a request by the defendant that the Court recommend that the Bureau of Prisons consider the following in determining the defendant's place of confinement: Federal Medical Center Carswell in Fort Worth, Texas. The defendant understands that the Bureau of Prisons is not bound by recommendations from the Court.

### PROFESSIONAL LICENSE

It is further understood and agreed that the status of any professional license held by the defendant is not protected by this agreement and is a matter solely within the discretion of the appropriate licensing authority. The United States may in its discretion provide to any such licensing authority any documents and information in its possession.

### IMMIGRATION MATTERS

*Acknowledgment of Possible Deportation or Removal*

The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Specifically, the defendant understands that if convicted, a defendant who is not a United States citizen may be

Defendant Initials  CH              Page **12** of **15**

removed from the United States, denied citizenship, and denied admission to the United States in the future. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is the defendant's automatic removal from the United States.

## IX. CONTRACTUAL SPECIFICATIONS

### REASONS FOR AGREEMENT

The United States enters into this plea agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the series of offenses from which the charges are drawn, as well as the defendant's role in such offenses; takes into account the public interest in a prompt and certain disposition of the case; adequately protects the public; and promotes respect for the law, thereby serving the ends of justice.

### COMPLETE AGREEMENT/TERMS NOT SEVERABLE/CONSTRUCTION

The parties agree that this plea agreement was negotiated between competent legal counsel and shall not be construed against either the United States or the defendant because both parties acknowledge responsibility for the plea agreement reached as a result of negotiation with respect hereto and the expressed herein. The subject headings herein are for convenience only and are not part of this plea agreement. This document sets forth the complete and only terms of the plea agreement between the United States Attorney for the Eastern District of Oklahoma and the defendant in this case and is binding only on the United States Attorney's Office for the Eastern

Defendant Initials CH     Page **13** of **15**

District of Oklahoma and the defendant. This written agreement supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than by a writing that is signed by all parties or on the record in Court. No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea. This agreement is not contingent in any way upon the outcome of any investigation, proceeding or subsequent trial.

## TIME LIMIT

The original of this agreement must be signed by the defendant and defense counsel and received by the United States Attorney's Office on or before 5:00 p.m., February 24, 2023. Otherwise, the invitation to offer shall be deemed withdrawn.

## SIGNATURE REQUIREMENTS

None of the terms of this agreement shall be binding on the Organized Crime and Gang Section, Office of the United States Attorney for the Eastern District of Oklahoma until this agreement is signed by the defendant, defense counsel and the United States Attorney, or his authorized representative.

## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it without reservation. No promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement and plea supplement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it. I do this of my own free will. No threats have been made to me, nor am I under the influence of anything that could impede my ability to fully understand this plea agreement.

_2-28-23_
Date

_Crystal Haworth_
Crystal Marie Haworth
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this agreement with the defendant. The defendant's decision to enter into this agreement is an informed and voluntary one.

Defendant Initials _CH_          Page **14** of **15**

2/28/23
Date

Colleen Fitzharris
Assistant Federal Public Defender
1601 Fifth Avenue, Suite 700
Seattle, WA 98101
Counsel for Defendant

    On behalf of the Office of the United States Attorney for the Eastern District of Oklahoma, I accept this agreement of the defendant to plead guilty under the terms and conditions set forth herein.

CHRISTOPHER J. WILSON
United States Attorney

Feb 28, 2023
Date

Lisa K. Man, Maryland # 0706110155
Trial Attorney
U.S. Department of Justice
Organized Crime and Gang Section
1301 New York Avenue, Suite 700
Washington, DC 20530
(202) 412-6584
Lisa.Man@usdoj.gov

Defendant Initials CH     Page 15 of 15