IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>CRYSTAL MARIE HAWORTH,<br><br>  Defendant. | Case No. 21-cr-00207 (DCJ) |

### SUPPLEMENTAL SENTENCING MEMORANDUM

On May 17, 2023, this Court contacted counsel to schedule a status conference to discuss the parties' Rule 11(c)(1)(C) plea agreement. Dkt. 85. On May 18, 2023, defense counsel filed a sentencing memorandum and extensive materials about Ms. Haworth's background.

At the status conference, this Court indicated that it was not inclined to accept the agreement and expressed the view that a sentence less than 20 years was not appropriate. In addition, the Court commented that, while mental illness may have been a factor, Ms. Haworth's substance use history may have also contributed to the criminal conduct. These supplemental materials are intended to address both of the concerns the Court raised.

First, the parties' agreement to a sentence at the low-end of the Guidelines, or 210 months, is consistent and actually higher than sentences imposed in other homicide cases. In *United States v. Angel Sullivan*, CR17-00806 (D. Ariz.), the defendant was originally charged with murder, but pled to voluntary manslaughter.

The court imposed a 72-month sentence. Ms. Sullivan shot her brother in the head in his sleep because he had molested her from the age of 10. Like Ms. Haworth, Ms. Sullivan was assaulted, abused, sexualized, and exploited by men, and had PTSD as a result. Unlike Ms. Haworth, however, available records do not show that she struggled with any additional mental health conditions.

In *United States v. Anhalee Jim*, CR19-00885 (D. Ariz.), the district court imposed a 78-month sentence for a murder. Ms. Jim pled guilty to voluntary manslaughter after she stabbed her brother to death for teasing her. She was in Criminal History Category III, and her prior convictions included assault. Ms. Jim's sentencing memorandum was filed under seal, but undersigned counsel learned through investigation that Ms. Jim suffered from PTSD, substance use disorder, and other mental health conditions.

In *United States v. Tomacita Nez*, CR17-08314 (D. Ariz.), the district court imposed a 74-month sentence for voluntary manslaughter where the original charge had been second-degree murder. Ms. Nez had been a victim of domestic violence and had been diagnosed with PTSD, substance use disorder, depression, and bipolar 1. She also had borderline intellectual functioning.

In *United States v. LaSheena Jacquez & Mariah Benally*, CR14-00074 (D.N.M.), two women pled guilty to second-degree murder after being charged with first-degree murder. Both women assisted several men to abduct, restrain, and stab a woman to death before they threw the body over a cliff. Most of the participants

were under the influence of drugs and alcohol at the time. Ms. Jacquez and Ms. Benally were sentenced to 144 and 132 months respectively.

In this district, in *United States v. Brian Mack*, No. 21-cr-00144-DCJ, the defendant was originally charged with first-degree murder. The defendant shot and killed the victim during an argument. He subsequently moved, mutilated, and burned the victim's body to avoid detection. Ultimately, Mr. Mack pled guilty to voluntary manslaughter. This Court accepted the plea agreement and imposed a 78-month sentence.

Second, rigorous scientific research consistently shows a high rate of comorbidity among those with psychiatric disorders, substance disorders, and post-traumatic stress disorder. *See generally* Hartwell, Karen, Toliver, Bryan, & Brady, Kathleen, *Biologic Commonalities between Mental Illness and Addiction*, 16 Prim. Psychiatry 33-39 (Aug. 1, 2009). In a 2011 study, researchers found that approximately half of those in Australian prisons with severe mental illness also had a substance use disorder. The rates of co-occurrence were even higher amongst women—particularly women with affective disorders. Butler, Indig, Allnutt, & Mamoon, *Co-occuring Mental Illness and Substance Use Disorder Among Australian Prisoners*, 30 Drug & Alcohol Rev. 188–194 (Mar. 2011).

The link between early childhood trauma and psychosis and substance disorders is similarly high. Research consistently shows that, "[a]fter controlling for other psychosocial risk factors, childhood trauma has been associated psychiatric disorders, including mood and anxiety disorders, eating disorders, personality disorders, dissociative disorders, and substance dependence." Ingo Schaefer & Helen

L. Fisher, *Childhood trauma and psychosis—what is the evidence?*, 13 Dialogues in Clinical Neuroscience 360–365 (2011). Repeated childhood trauma is common for people who have psychosis symptoms. Adverse childhood experiences increase a person's vulnerability to psychotic disorders and psychotic symptoms. Re-victimization increases the risk of psychosis, and the feeling of feeling scared or on edge leads to the inability to cope with reality. Campodonico, Carolina, Varese Filippo, & Berry, Katherine, *Trauma and Psychosis: A Qualitative Study Exploring the Perspectives of People with Psychosis on the Influence of Traumatic Experiences on Psychotic Symptoms and Quality of Life*, 22 Psychiatry 213 (2022).

As a child and through adulthood, Ms. Haworth experienced significant trauma. Those traumatic experiences increased the risk that she would be vulnerable to developing both psychotic symptoms and a substance use disorder. The fact that her parents had severe substance use disorders and her father also had a psychiatric disorder elevated her risk profile.

Very often it is difficult to know whether a person's psychosis predated the drug use. Thorough investigation of Ms. Haworth background suggests that the symptoms of her psychosis did predate her substance abuse. And the record is abundantly clear that the sexual abuse that started when she was a toddler predated her substance abuse by a long shot.

The record also establishes that Ms. Haworth continues to suffer cognitive deficits even though her psychiatric stability has improved over the last

approximately three years. Ex. 8, Marcopulous Report, at 11. As Dr. Marcopulous explained, "[t]he fact that [Ms. Haworth] has been abstinent for well over a year indicates that the deficits seen on testing are persistent deficits related to her psychiatric disorder." *Id.* at 12.

                      Respectfully Submitted,

                      <u>s/ Colleen P. Fitzharris</u>

                      Attorney for Crystal Marie Haworth
                      1601 Fifth Ave., Suite 700
                      Seattle, WA 98101
                      (206) 830-2926
                      E-mail: colleen_fitzharris@fd.org

Date:       May 31, 2023

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed using the CM/ECF system which will notify all parties of record.

s/Colleen P. Fitzharris

Date:  September 29, 2022